UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN EDWARDS,<br><br>    PLAINTIFF,<br><br>V.<br><br>CHARLES SCHWAB CORPORATION,<br><br>    DEFENDANT. | Civ. Action No. 19-3614<br>(EGS/RMM) |

**MEMORANDUM OPINION**

Mr. Edwards, proceeding *pro se*, brings this action against Charles Schwab Corporation ("Charles Schwab"), alleging damages as a result of Charles Schwab's alleged "fraudulent association with the assignment of a loan with [Mr. Edwards] to PHH Mortgage ("PHH") that resulted in the foreclosure of his property." Compl., ECF No. 1 ¶¶ 3, 25.

On October 11, 2022, the Court referred this case to Magistrate Judge Meriweather for full case management up to but excluding trial, including, with respect to any dispositive motions, the preparation of a report and recommendation pursuant to Local Civil Rule 72.3. On September 8, 2023, Magistrate Judge Meriweather issued a Report and Recommendation ("R. & R.") recommending that the Court dismiss the case with prejudice and deny without prejudice the then-pending motions. *See* R. & R., ECF No. 66.

Pending before the Court are Mr. Edwards' objections to the R. & R. *See* Pl.'s Obj., ECF No. 67. Upon careful consideration of the R. & R., the objections, the applicable law, and the entire record herein, the Court hereby **ADOPTS** the R. & R., ECF No. 66.

## I.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 72(b), a party may file specific written objections once a magistrate judge has entered a recommended disposition. Fed. R. Civ. P. 72(b)(2). A district court "may accept, reject, or modify the recommended disposition." *Id.* 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R. & R.] only for clear error." *Houlahan v. Brown*, 979 F. Supp. 2d 86, 88 (D.D.C. 2013) (citation omitted). "Under the clearly erroneous standard, the magistrate judge's decision is entitled to great deference" and "is clearly erroneous only if on the entire evidence the court is left with the definite and firm conviction that a

2

mistake has been committed." *Buie v. Dist. of Columbia*, No. CV 16-1920 (CKK), 2019 WL 4345712, at *3 (D.D.C. Sept. 12, 2019) (citation and internal quotation marks omitted).

Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." LCvR 72.3(b). "[O]bjections which merely rehash an argument presented and considered by the magistrate judge are not properly objected to and are therefore not entitled to de novo review." *Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) (citation and internal quotation marks omitted).

## II. Discussion

On April 19, 2023, Magistrate Judge Meriweather issued an Order to Show Cause, stating as follows:

> Plaintiff Stephen S. Edwards ("Mr. Edwards") brought suit against Charles Schwab Corporation ("Schwab") for damages resulting from Schwab's allegedly fraudulent behavior related to the mortgage of a home that Mr. Edwards owned. See generally Compl., ECF No. 1. Although the Complaint does not identify the address of the home at issue, Defendant asserts that Mr. Edwards's allegations pertain to a property located at 1765 N. Lemon Street in Mesa, Arizona. Def.'s Opp'n to Pl.'s Mot. for Entry of Default at 1, ECF No. 47. It appears that Mr. Edwards has brought numerous lawsuits in other federal courts based on the same facts. See Super Trust Fund u/t/d 06/15/01 v. Charles Schwab Bank, et al., No. 2:13-cv-735 (D. Ariz.); Edwards v. Charles Schwab Bank et al., No. 2:14-cv-66 (D. Ariz); Stephen S. Edwards Inc. v. PHH Mortgage Corp.

3

et al., No. 2:15-cv-919 (D. Ariz.); Edwards v. Experian Info. Solutions Inc. et al., 2:15-cv-2640 (D. Ariz.); Edwards v. PPH Corp. et al., 2:16-cv-1842 (D. Ariz.); Edwards v. PHH Mortgage Corp. et al., 2:18-cv-4040 (D. Ariz.); Edwards v. PHH Mortgage Corp. et al., 1:22-cv-3926 (D. N.J.).

In Mr. Edwards's most recent lawsuit in the District of Arizona, the court found that Mr. Edwards's claims were barred by res judicata, dismissed his claims with prejudice, declared him a vexatious litigant, and ordered that Mr. Edwards must obtain permission before bringing any further litigation related to same facts. See Edwards, 2:18-cv-4040 (D. Ariz.), ECF Nos. 99, 100. Specifically, that Court ordered that Mr. Edwards and entities he wholly owned "must obtain this Court's approval before seeking to commence any new action against Defendant PHH Mortgage Corporation or any of its affiliates, including officers, directors, employees, agents, attorneys, predecessors, successors, insurers, affiliates, subsidiaries or parents, or arising out of the purchase, mortgage, financing or refinancing of the property located at 1765 N. Lemon Street, Mesa, Arizona." Edwards, 2:18-cv-4040 (D. Ariz.), ECF No. 100 at 10. Mr. Edwards then brought related litigation in the District of New Jersey, and that court, finding that Mr. Edwards had not presented any evidence that he received permission from the District of Arizona court to bring the lawsuit, ordered Mr. Edwards to show cause as to why the court should not dismiss his complaint with prejudice. Edwards, 1:22-cv-3926 (D. N.J.), ECF No. 20. After Mr. Edwards responded to the order to show cause, the court dismissed the case with prejudice. Edwards, 1:22-cv-3926 (D. N.J.), ECF Nos. 22, 23.

Given that this lawsuit appears to be within the scope of the District of Arizona's vexatious litigant order, and Mr. Edwards has not presented any evidence that he received permission from that court to bring the

4

> present lawsuit, it is hereby ORDERED that Mr. Edwards shall SHOW CAUSE no later than May 10, 2023 as to why the Court should not dismiss his complaint with prejudice in accordance with the District of Arizona court's orders. The Court further advises Mr. Edwards that if he fails to timely respond to this Order the Court may dismiss this case with prejudice.

Order to Show Cause, ECF No. 60.

On May 12, 2023, Mr. Edwards responded to the Order to Show Cause on by filing a Motion for Summary Judgment, arguing that the orders from the District of Arizona pertain only to litigation in Arizona. *See generally* Mot. for Summ. J., ECF No. 62. Magistrate Judge Meriweather explained that she was unpersuaded by his argument because "[t]he portion of the District of Arizona order that requires Mr. Edwards to obtain permission before bringing a new action is not limited that jurisdiction." R. & R., ECF No. 66 at 3 (citing Edwards, 2:18-cv-4040 (D. Ariz.), ECF No. 100 at 10). Magistrate Judge Meriweather further explained that

> The only portion of the order that expressly limits itself to matters "pending or closed in the District of Arizona" concerns Mr. Edwards' obligation to obtain permission before filing "further motion or pleadings" in those cases. *See id.* The subject of the present litigation—the Property at 1765 N. Lemon St.—is squarely within the scope of the District of Arizona's order. *See id.* As noted, the order encompasses "any new action . . . arising out of the purchase, mortgage, financing or refinancing of the property located at 1765 N. Lemon Street, Mesa, Arizona." *Id.* This case concerns

5

> alleged fraudulent behavior regarding the mortgage for that property. *See* Compl.

R. &. R., ECF No. 66 at 3-4. Magistrate Judge Meriweather recommends dismissing the instant case because Mr. Edwards did not receive permission from the District of Arizona to bring the litigation. *Id*. at 4.

Mr. Edwards' objections fail to address Magistrate Judge Meriweather's determination that the instant case should be dismissed because Mr. Edwards did not receive permission from the District of Arizona to bring the litigation. *See generally* Pl.'s Obj., ECF No. 67. Rather, Mr. Edwards casts aspersions on Magistrate Judge Meriweather and others and claims that the Arizona Order is frivolous because the case should not have been removed from state to federal court. *See generally id.*

"A court has the discretion to dismiss a complaint with prejudice when a plaintiff fails to prosecute the complaint, fails to follow the federal rules, or fails to follow court orders." *O-J-R v. Ashcroft*, 216 F.R.D. 150, 151 (D.D.C. 2003) (citing Fed. R. Civ. P. 41(b); LCvR 83.23). "It is well settled that a court may dismiss a complaint filed by a vexatious litigant that violates an injunctive order entered by another court." *Justice v. Koskinen*, 109 F. Supp. 3d 142, 147 (D.D.C. 2015) (citation and internal quotation marks omitted). As Magistrate Judge Meriweather stated, "Mr. Edwards has not

6

received permission from the District of Arizona to bring this litigation and is thus in violation of that court's orders." R. &. R., ECF No. 66 at 4. Accordingly, the Court will dismiss this action.

### III. Conclusion

For the reasons explained above, the Court **ADOPTS** Magistrate Judge Meriweather's R. &. R., *see* ECF No. 66; **DISMISSES** this action with prejudice; and **DENIES** without prejudice Mr. Edwards' pending Motion for Default Judgment, ECF No. 44; Motion for Default Judgment, ECF No. 55; Motion to Strike, ECF No. 55; Motion for Order to Show Cause, ECF No. 59; and Motion for Summary Judgment, ECF No. 62. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            September 21, 2023**